Lanzinger, J.,
dissenting.
{¶ 19} I respectfully dissent. The majority reverses the judgment of the Eighth District Court of Appeals and “reinstated the judgment of the trial court finding McGlothan guilty of domestic violence.” Majority opinion, ¶ 18. However, in his appeal to the Eighth District, McGlothan raised the issue of allied offenses in his fifth assignment of error, which the court of appeals held was moot. 8th Dist. Cuyahoga No. 97212, 2012-Ohio-4049, 2012 WL 3862138, ¶ 43. At the very least, the majority should remand the case to the court of appeals for resolution of McGlothan’s fifth assignment of error on allied offenses.
{¶20} In addition, without expressly acknowledging the fact, the majority overrules a portion of State v. Williams, 79 Ohio St.3d 459, 683 N.E.2d 1126 (1997). It now decides that merely living in the same residence will satisfy the element of cohabitation for the domestic-violence statute, stating that “[b]eeause the state demonstrated that the defendant was the victim’s boyfriend and that they had lived together for about a year, the state had no obligation to demonstrate the sharing of familial or financial responsibilities and consortium to prove cohabitation in this case.” Majority opinion, ¶ 15.
{¶ 21} Rather than clarifying Williams, this statement repudiates one of the cohabitation requirements set forth in Williams:
[W]e conclude that the essential elements of “cohabitation” are (1) sharing of familial or financial responsibilities and (2) consortium. R.C. 2919.25(E)(2) and related statutes. Possible factors establishing shared familial or financial responsibilities might include provisions for shelter, food, clothing, utilities, and/or commingled assets. Factors that might establish consortium include mutual respect, fidelity, affection, society, cooperation, solace, comfort, aid of each other, friendship, and conjugal relations. These factors are unique to each case and how much weight, if any, to give to each of these factors must be decided on a case-by-case basis by the trier of fact.
(Emphasis added.) Id. at 465.
{¶ 22} Williams clearly requires both elements: sharing familial or financial responsibilities as well as consortium. One witness testifying about living together for a year could satisfy both elements by indicating that there was a sharing of provisions for shelter or utilities and that there was society or *151 companionship, provided that the fact-finder was satisfied that the evidence established these elements beyond a reasonable doubt. In this case, the court of appeals held that the state had not met its burden to show proof of cohabitation because there was insufficient evidence of shared living expenses. Nevertheless, it affirmed the finding of guilt on the offense of attempted felonious assault.
Timothy J. McGinty, Cuyahoga County Prosecuting Attorney, and Mary H. McGrath, Assistant Prosecuting Attorney, for appellant.
Robert L. Tobik, Cuyahoga County Public Defender, and Erika Cunliffe, Assistant Public Defender, for appellee.
{¶ 23} There is no need to broaden the reach of the domestic-violence statute. Moreover, I believe that this appeal seeks mere error correction, and thus, I would dismiss the case as having been improvidently allowed.